SCWC-29553

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

HIROKAZU NAKAJIMA,
Petitioner/Plaintiff/Cross-Defendant/Appellant,

vs.

AKI NAKAJIMA,
Respondent/Defendant/Cross-Plaintiff/Appellee.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 29553; FC-DIVORCE NO. 05-1-0587)

ORDER ACCEPTING APPLICATION FOR WRIT OF CERTIORARI
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

On June 26, 2014, Petitioner/Plaintiff/Cross-Defendant/Appellant Hirokazu Nakajima (Hirokazu) filed an application for a writ of certiorari seeking review of the Intermediate Court of Appeals's (ICA) May 9, 2014 Memorandum Opinion filed pursuant to its June 13, 2014 Judgment on Appeal. In his application Hirokazu argued, among other things, that the ICA erred when it held that it did not have jurisdiction to address various points on appeal.

Hirokazu's argument is based on the wording of this court's February 13, 2014 order remanding this case to the ICA

for disposition of all issues related to the part of the divorce concerning the division and distribution of property and debts. See Nakajima v. Nakajima, No. SCWC-29553, 2014 WL 626208, at *1 (Haw. Feb. 13, 2014); see also Schiller v. Schiller, 120 Hawaiʻi 283, 289, 205 P.3d 548, 554 (App. 2009) (divorce cases involve four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation and support; (3) spousal support; and (4) division and distribution of property and debts). On remand, the ICA misconstrued this court's order, stating that "[t]he Hawaiʻi Supreme Court ruled this court has jurisdiction only over Hirokazu's appeal from the November Order Re Motion for Clarification pursuant to Hawaiʻi Revised Statutes (HRS) § 571-54 (2006 Repl.)." Nakajima v. Nakajima, No. SCWC-29553, 2014 WL 1909244, at *13 (Haw. App. May 9, 2014); see also Nakajima, No. SCWC-29553, 2014 WL 626208, at *2 (Recktenwald, C.J., concurring and dissenting). As a result, the ICA erroneously concluded that it lacked jurisdiction to address Hirokazu's points on appeal numbers 5, 6, 7, 10, 11, and 12. Id. Those points all related to the division and distribution of property and debts. The ICA correctly held that it did not have jurisdiction to address point on appeal number 8 because that point on appeal related to alimony.

With respect to discovery sanctions, "'[t]he courts . . . have inherent power to curb abuses and promote a fair process which extends to the preclusion of evidence and may

2

include dismissal in severe circumstances.'" <u>Kawamata Farms, Inc. v. United Agri Products</u>, 86 Hawaiʻi 214, 242, 948 P.2d 1055, 1083 (1997) (quoting <u>Richardson v. Sport Shinko (Waikiki Corp.)</u>, 76 Hawaiʻi 494, 507, 880 P.2d 169, 182 (1994); <u>see also</u> <u>Weinberg v. Dickson-Weinberg</u>, 123 Hawaiʻi 68, 71, 229 P.3d 1133, 1136 (2010). "If the trial court has the inherent power to level the ultimate sanction of dismissal, it necessarily has the power to take all reasonable steps short of dismissal, depending on the equities of the case." <u>Id.</u> The family court's sanctions in this case fell within the scope of its authority. Subject to the issues that the ICA must address on remand, the valuation and division of Avalon Cove did not constitute an abuse of discretion. Therefore,

IT IS HEREBY ORDERED that the application for a writ of certiorari is accepted.

IT IS FURTHER ORDERED that the June 13, 2014 judgment on appeal is vacated, and this case is remanded to the ICA for disposition of the remaining issues.

DATED: Honolulu, Hawaiʻi, August 7, 2014.

Blake T. Okimoto for
for petitioner

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



3